UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JILLIAN M. VENNEMAN, | CIVIL ACTION NO. 06-5804 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| KIRK JOHNSON, | |
| Defendant. | |

**THE COURT**, inter alia, having ordered the defendant to show cause why the action should not be remanded to New Jersey state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3); and the plaintiff bringing this action in state court to recover damages for, inter alia, breach of contract because the defendant allegedly misrepresented the condition of a vehicle that he sold to her for "$21,000 more or less" (Compl., at 1);[1] and the defendant (1) removing the action and alleging jurisdiction under Section 1332 because, inter alia, the claim exceeds $75,000 (Rmv. Not., at 2), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

---

[1] The complaint lists "John Johnson" as a second defendant. However, the defendant asserts that "John Johnson" is "a fictitious, mistaken, and/or non-existent denomination by the plaintiff." (Rmv. Not., at 1.)

**THE PLAINTIFF** seeking compensatory damages, treble damages, punitive damages, and attorney's fees (Compl., at 2-4); and the complaint citing no statute or state law in support of a recovery of treble damages, punitive damages, and attorney's fees; and it appearing that a potential award of treble damages, punitive damages, and attorney's fees may not be included within the calculation of the jurisdictional amount under Section 1332 unless that award is available to a successful plaintiff by a specific statute or state law, see Samuel-Bassett v. Kia Motors Am., 357 F.3d 392, 397-98 (3d Cir. 2004), Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); and the plaintiff apparently seeking only $21,000 in compensatory damages; and

**THE COURT**, due to the defendant's insufficient allegations, being unable to determine if the amount-in-controversy threshold has been met under Section 1332(a); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court having advised the defendant of the intention to remand the action for lack of jurisdiction unless he demonstrated how the plaintiff could recover in excess of $75,000 based on the allegations contained in the complaint

(Order to Show Cause, at 2-3);[2] and the Court having advised the defendant that he must cite to specific statutes or state law in support (id. at 3); and it appearing that the five counts in the complaint are presented in the alternative, and thus the Court having advised the defendant that he must demonstrate how the plaintiff could recover in excess of $75,000 under one count alone (id.), see Samuel-Bassett, 357 F.3d at 402 (stating there is one recovery for a harm, and thus claims asserted in the alternative cannot be added together to meet threshold); and the Court having advised the defendant to initially respond by December 27, 2006 (Order to Show Cause, at 5); and the Court having advised the plaintiff that the order to show cause would be moot if she were to affirm that she intends in good faith to limit her overall damages to $75,000, thereby depriving the Court of jurisdiction and compelling a remand to state court (id. at 4); and

**THE DEFENDANT** having failed to respond to the Court's inquiry by December 27, 2006; and the plaintiff, in response, "affirm[ing] that she intends in good faith to limit her overall damages to $75,000 thereby depriving the Court of jurisdiction" (dkt. entry no. 4, Letter of Pl. Counsel, at 1); and thus the

---

[2] The plaintiff, by electing to proceed in state court, was not obligated to demonstrate the amount in controversy under Section 1332.

Court intending to (1) grant the part of the order to show cause concerning remand for lack of jurisdiction under Section 1332, (2) vacate the other part of the order to show cause, and (3) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                                   s/ Mary L. Cooper
                                                            **MARY L. COOPER**
                                                            United States District Judge